UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DAVID HUNTINGTON                                          CIVIL ACTION

v.                                                        NO. 17-224

KIRBY INLAND MARINE, LP                                   SECTION "F"


ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendant's motion for summary judgment or to dismiss pursuant to Rules 56, 37, and 41, noticed for submission on September 13, 2017, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] David Huntington sued Kirby Inland Marine, LP, seeking to recover for injuries "to his back and other parts of his body," which he alleges he suffered in 2015 as a result of Kirby Inland's Jones Act negligence as well as the unseaworthiness of its vessel, the M/V AJAX. About four months after a scheduling order issued, Mr. Huntington's counsel sought and was granted permission to withdraw as counsel. In granting the motion to withdraw as counsel, the Court ordered that Mr. Huntington must enroll counsel within 14 days or to become familiar with the rules of Court to proceed *pro se*. No new counsel enrolled. Mr. Huntington failed to respond to efforts by defense counsel to obtain responses to written discovery requests. And, Mr. Huntington failed to appear for his scheduled deposition. The defendant's motion to compel the plaintiff's

1

answers to written discovery requests as well as to compel the plaintiff to appear for his deposition was granted as unopposed. Notwithstanding the August 2, 2107 compel order, Mr. Huntington has not participated in his lawsuit; he has neither contacted the Court nor defense counsel. The defendant now moves for summary judgment or to dismiss the plaintiff's claims as a discovery sanction or for failure to prosecute. No opposition has been filed. It appears from the record that the plaintiff has abandoned his lawsuit against Kirby Inland.

As grounds for summary judgment, Kirby Inland points to answers the plaintiff gave when he was interviewed following his reported back pain in which Mr. Huntington states that he cannot pinpoint a particular situation or event that triggered his back pain; he stated that there was no incident or episode that gave rise to his complaint, that "it was just...[n]othing really new..." Kirby Inland also notes that the plaintiff is deemed to have admitted the statements made within the requests for admission directed to the plaintiff, which he never answered. That the plaintiff is deemed to have admitted that Kirby was not negligent in any way that would cause his injuries and that its vessel was not unseaworthy in any way that would cause his injuries entitles Kirby Inland to judgment as a matter of law dismissing the plaintiff's claims.

Even if the Court did not reach the defendant's request for summary judgment, Kirby Inland's requests that the plaintiff's claims be dismissed as a discovery sanction or for failure to prosecute likewise have merit. There is nothing in the record excusing the plaintiff's failure to participate in his case since his counsel withdrew in July 2017. Not only is there no evidence in the record demonstrating that the plaintiff can prove any of the elements of his Jones Act negligence and unseaworthiness claims, there is nothing in the record to indicate that the plaintiff wishes to pursue his case such that some lesser sanction would prompt the plaintiff to participate in the litigation that he instigated. Finally, the plain record of delay by the plaintiff (which is attributable solely to Mr. Huntington) together with the plaintiff's disregard of the magistrate judge's order compelling him to participate demonstrates that the plaintiff simply disregards Court orders, making it unlikely that a lesser sanction would prompt diligent prosecution of this case. Dismissal of the plaintiff's case with prejudice is warranted.

that the defendant's motion for summary judgment or to dismiss pursuant to Rules 56, 37, and 41 is hereby GRANTED as unopposed. The plaintiff's lawsuit is hereby dismissed with prejudice.

New Orleans, Louisiana, September 15, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE